**UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**WILLIE BERRY**                                               **CIVIL ACTION**

**versus**                                                          **NO. 06-6749**

**N. BURL CAIN**                                            **SECTION: "I" (6)**

<u>**REPORT AND RECOMMENDATION**</u>

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  <u>See</u> 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Willie Berry, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On September 1, 1998, he was convicted of second degree murder in violation of Louisiana law.[2]  On October 1, 1998, he was sentenced to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[3]   On December 29, 1999, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence.[4]  The Louisiana Supreme Court then denied his related writ application on January 5, 2001.[5]

On June 19, 2004, petitioner filed with the state district court an application for post-conviction relief.[6]   That application was denied on July 11, 2005.[7]  Petitioner's related writ applications were likewise denied by the Louisiana Fourth Circuit Court of Appeal on December 20, 2005,[8] and by the Louisiana Supreme Court on September 15, 2006.[9]

On September 20, 2006, petitioner filed the instant federal application for *habeas corpus* relief.  In support of his application, petitioner claims that he was indicted by a grand jury

---

[2] State Rec., Vol. I of III, minute entry dated September 1, 1998; State Rec., Vol. I of III, jury verdict form.

[3] State Rec., Vol. I of III, transcript of October 1, 1998; State Rec., Vol. I of III, minute entry dated October 1, 1998.

[4] State v. Berry, 751 So.2d 969 (La. App. 4th Cir. 1999) (No. 99-KA-0430); State Rec., Vol. I of III.

[5] State v. Berry, 778 So.2d 589 (La. 2001) (No. 2000-KO-0715).

[6] State Rec., Vol. II of III.

[7] State Rec., Vol. II of III, docket master, entry dated July 11, 2005.

[8] State v. Berry, No. 2005-K-1335 (La. App. 4th Cir. Dec. 20, 2005); State Rec., Vol. II of III.

[9] State v. Berry, 936 So.2d 1255 (La. 2006) (No. 2006-KP-0149); State Rec., Vol. III of III.

empaneled pursuant to a unconstitutional state law, and the trial court therefore lacked subject matter jurisdiction.  The state argues that petitioner's federal application is untimely.[10]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications.  The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d)(1), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Reviewing petitioner's application, the Court finds that subsections (B), (C), and (D) are clearly inapplicable.

As to subsection (B), there is no allegation that petitioner's ability to file a post-conviction application was impeded by any action of the State.

---

[10]  Rec. Doc. 7.

As to subsection (C), that subsection delays the commencement of the statute of limitations when a petitioner's claim involves a newly recognized constitutional right.  In the instant case, the Court notes that petitioner's claim is based on the decision in State v. Dilosa, 848 So.2d 546 (La. 2003), in which the Louisiana Supreme Court held that Louisiana laws establishing a unique method for the selection of the grand jury venire and foreperson in Orleans Parish violated La. Const. art. III, § 12(A), which prohibits the passage of local laws concerning criminal actions. However, because Dilosa was a decision of the *Louisiana* Supreme Court and concerned only a *state* constitutional provision, it is irrelevant to tolling under subsection (C), which delays the AEDPA's statute of limitations only where the *United States* Supreme Court has newly recognized a *federal* constitutional right.  Davis v. Jones, Civil Action No. 05-5524, 2006 WL 1540114, at *2 (E.D. La. May 31, 2006); see also Diggs v. Cain, Civil Action No. 05-3009, 2007 WL 914193, at *4 (E.D. La. Mar. 21, 2007); Phillip v. Cain, Civil Action No. 05-3735, 2007 WL 891888, at *3 (E.D. La. Mar. 21, 2007); Heard v. Cain, Civil Action No. 06-3207, 2007 WL 763691, at *3 n.19 (E.D. La. Mar. 9, 2007); Haish v. LeBlanc, Civil Action No. 05-2727, 2006 WL 3692752, at *2 n.9 (E.D. La. Dec. 11, 2006); Cowart v. Cain, Civil Action No. 06-0347, 2006 WL 3589542, at *3 (E.D. La. Dec. 6, 2006); Monroe v. Cain, Civil Action No. 05-5718, 2006 WL 2883049, at *2 n.12 (E.D. La. Oct. 5, 2006); Juarbe v. Cain, Civil Action No. 06-513, 2006 WL 2849859, at *2 n.21 (E.D. La. Sept. 29, 2006).

As to subsection (D), that subsection delays the commencement of the statute of limitations until the date on which the factual predicate of a petitioner's claim could have been discovered through the exercise of due diligence.  Although petitioner's claim is premised on the Louisiana Supreme Court's Dilosa decision, that decision cannot serve as the *factual,* as opposed

– 4 –

to the legal, predicate for his claim.  <u>Haish</u>, 2006 WL 3692752, at *2.  As another federal court has noted:  "If a state court clarifies or changes state law in a case in which the federal habeas petitioner was not a party, and that subsequent legal determination is deemed a 'factual predicate,' then 'factual' would be meaningless."  <u>Lo v. Endicott</u>, No. 04-C-0133, 2005 WL 2491465, at *1 (E.D. Wis. Oct. 6, 2005), <u>aff'd</u>, No. 06-3948, 2007 WL 3120099 (7th Cir. Oct. 26, 2007), <u>cert. denied</u>, 2008 WL 261205 (U.S. Mar. 5, 2008).

Accordingly, subsection (A) is applicable in the instant case.  As noted, that subsection provides that a petitioner's federal application must be filed within one (1) year of the date on which the petitioner's underlying criminal judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  In the instant case, on January 5, 2001, the Louisiana Supreme Court denied petitioner's writ application challenging the state intermediate appellate court's judgment affirming his conviction and sentence.  Therefore, under § 2244(d)(1)(A), petitioner's underlying criminal judgment became "final" ninety (90) days later, i.e. on April 5, 2001, when his period expired for seeking a writ of certiorari from the United States Supreme Court. <u>See</u> <u>Roberts v. Cockrell</u>, 319 F.3d 690, 694 (5th Cir. 2003); <u>Ott v. Johnson</u>, 192 F.3d 510, 513 (5th Cir. 1999); <u>Chester v. Cain</u>, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); <u>see also</u> U.S. Sup. Ct. R. 13(1).  Accordingly, his one-year period for seeking federal *habeas corpus* relief commenced on that date and expired one year later, i.e. on April 5, 2002, unless that deadline was extended through tolling.

The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state

court.  28 U.S.C. § 2244(d)(2).  However, petitioner had no applications attacking this conviction or sentence pending before any state court at any time from April 5, 2001, through April 5, 2002.

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  Petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief challenging this conviction had to be filed on or before April 5, 2002, in order to be timely.  Petitioner's federal application was not filed until September 20, 2006,[11] and it is therefore untimely.[12]

---

[11] Petitioner signed his application on September 20, 2006.  Rec. Doc. 1.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes.  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

[12] Even if the Court were to address the merits of petitioner's claim based upon Dilosa, the Court would necessarily find that he is not entitled to relief.  Federal *habeas corpus* relief may be granted only to remedy violations of the U.S. Constitution and laws of the United States; mere violations of state law will not suffice. Engle v. Isaac, 456 U.S. 107, 119 (1983).  See Davis v. Jones, Civil Action No. 05-5524, 2006 WL 1540114, at *2 (E.D. La. May 31, 2006) (Berrigan, J.) (denying

<u>**RECOMMENDATION**</u>

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Willie Berry be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 7th day of March, 2008.

LOUIS MOORE, JR.
**UNITED STATES MAGISTRATE JUDGE**

---

federal *habeas* relief on a <u>Dilosa</u> claim because <u>Dilosa</u> "did not announce a new constitutional right under the United States Constitution.  Rather ... a state supreme court applied a pre-existing state constitutional right to invalidate a state law.").